IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MARCUS EARL AUBREY, #2056129 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv617 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Marcus Earl Aubrey, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Fannin County convictions for manufacture and delivery of a controlled substance in a drug free zone, possession of a controlled substance in a drug free zone, and delivery of marijuana in a drug free zone. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was sentenced on all three cases on March 4, 2016. He did not file a notice of appeal; thus, the convictions became final thirty days later. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The convictions became final on April 3, 2016. The present petition was due no later than April 3, 2017, in the absence of tolling provisions. It was not filed until August 1, 2017.

The statutory tolling provisions specify that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Petitioner did not properly file any state application for a writ of habeas corpus until April 16, 2017. By then, the present petition was already time-barred. The pendency of the state application did not effectively toll the statute of limitations. The present petition was filed too late.

In his objections, Petitioner incorrectly argues he had an additional forty-five days in light of *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The Fifth Circuit held that a petitioner has an additional thirty days associated with the deadline for filing a petition for discretionary review after his case is denied by the intermediate appellate court. *Id.* at 692-94. Petitioner did not file a notice of appeal. He is not entitled to the additional thirty days associated with filing a petition for discretionary review because he never filed a notice of appeal. His convictions became final on April 3, 2016.

Petitioner's objections also discuss delays associated with being transported to the prison system and access to the law library. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. Petitioner has not satisfied either requirement. He has shown nothing other than the normal delays associated with prison life. He has not shown that he is entitled to equitable tolling.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 29th day of April, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE